[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13947
Non-Argument Calendar

_____

D. C. Docket No. 94-06003-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN C. GEORGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 24, 2009)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant John C. George appeals the district court's denial of his *pro se*

motion to reduce his life sentence under 18 U.S.C. § 3582(c)(2). The district court found that, given the quantity of crack cocaine for which George was responsible, Amendment 706 to the Sentencing Guidelines did not lower his guideline range, and, therefore, § 3582(c)(2) did not authorize a sentence reduction. On appeal, George argues that the district court had the authority under § 3582(c) to reduce his sentence, in light of a continuing crack/powder sentencing disparity and the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. ___, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *Id.*

Amendment 706 to the Sentencing Guidelines reduced base offense levels for certain crack cocaine offenses, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 706 (2008). Amendment 706, which is listed in U.S.S.G. § 1B1.10(c), was made retroactive by Amendment 713. *See* U.S.S.G. App. C, Amend. 713; U.S.S.G. § 1B1.10(c) (2008). Before the amendment, base offense level 38 applied to drug offenses involving 1.5 kilograms

2

or more of crack cocaine.  *See*, *e.g.*, U.S.S.G. § 2D1.1(c)(1) (1995).  As a result of the amendment, base offense level 38 now applies to an offense involving 4.5 kilograms or more of crack cocaine.  *See* U.S.S.G. § 2D1.1(c)(1) (2008).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case, the court may reduce the defendant's sentence, after considering applicable 18 U.S.C. § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), [and] any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (2008).  However, a reduction in the term of imprisonment is not consistent with the Guidelines policy statement, and therefore

3

not authorized by § 3582(c)(2), if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (stating that only retroactively applicable amendments "that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)").

A § 3582(c)(2) motion to reduce sentence does not provide the basis for *de novo* resentencing. U.S.S.G. § 1B1.10(a)(3); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). In addition, *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), does not provide an independent basis for reducing a sentence pursuant to a § 3582(c)(2) motion. *Id.* Section 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).

We recently decided *United States v. Jones*, No. 08-13298, manuscript op. at 2, 5 (11th Cir. November 19, 2008). In *Jones*, Amendment 706 did not lower the defendant's base offense level because he was responsible for more than 4.5 kilograms of crack cocaine. *Id.* at 4-5. We held that, despite *Booker*, a court cannot reduce a sentence pursuant to § 3582(c)(2) unless the defendant had been sentenced based on a sentencing range that had later been lowered by the

4

Guidelines. *Id.* at 6. In another recent decision, we rejected a defendant's argument that *Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. 558, provided an independent basis for a sentence reduction under § 3582(c)(2). *See United States v. James*, No. 08-12067, manuscript op. at 5-6 (11th Cir. November 12, 2008).

We conclude from the record here that the district court was not authorized to reduce George's sentence under § 3582(c)(2) because Amendment 706 did not have the effect of lowering his guidelines range. The Supreme Court's decision in *Kimbrough* does not affect this conclusion. Therefore, we conclude that the district court did not misinterpret its authority or abuse its discretion under § 3582(c)(2). Accordingly, we affirm George's sentence.

**AFFIRMED.**